# CIRCUIT COURT OF LOUDOUN COUNTY

Christian Gonzales
Construction, L.L.C.

v.

Dennis E. Webb et al.

August 11, 2009

Case No. (Civil) No. 48590

BY JUDGE JAMES H. CHAMBLIN

I thank Ms. Jenine Graves and Mr. Stephen Price for the memoranda concerning the form of the final order in the above case, which was tried with a jury on May 19-22, 26, and 27, 2009. The memoranda were concise, direct, and right to the point.

After consideration of the memoranda, I find that the Final Order as drafted by Ms. Graves is proper and accurately reflects the way the case was tried and presented to the jury, and the jury's verdict.

The verdict form was offered by counsel for Mr. and Mrs. Webb, and was allowed to go to the jury without objection. In it, the Webbs asked the jury to award damages, if any, as to each of the three separate claims submitted to it. It is silent as to recoupment. The Webbs offered no instruction on recoupment. I find no pleading filed by the Webbs that mentions or asserts a recoupment claim.

The verdict form as presented to the jury requires the Court to enter a judgment as to each separate claim. This case is similar to *Tazewell Oil Co. v. United Virginia Bank*, 243 Va. 94 (1992). In that case, Tazewell Oil tendered a form verdict, which allowed the jury to fix the post-judgment interest rate. The Supreme Court ruled that Tazewell Oil could not complain when the jury fixed a rate below the statutory rate because it invited the court to allow the jury to fix the rate. 243 Va. at 114.

Here, the Webbs invited the Court to have the jury render a verdict on each separate claim. That is exactly what the jury did. Neither the verdict form nor any other instruction told the jury about, or allowed it to consider, recoupment. In such a case, I think the final order should reflect a separate judgment upon each claim.

The distinction between setoff and recoupment is interesting to discuss, but neither has any application here because neither one was ever an issue of this case until the issue was raised by the Webbs after the jury returned its verdict.

There is no case law or statute of which I am aware that requires a "net" judgment. I fail to see how a "net" judgment promotes judicial economy.

I do not need to consider Gathof's argument that recoupment or a "net" judgment would defeat the attorney's lien of Quinto & Wilks, P.C.

It appears that, on June 22, 2009, Mr. Whittaker filed a Notice of Appeal on behalf of Christian Gonzales Construction "to the Court of Appeals from the dismissal of its claim of fraud against Dennis and Jamie Webb by this Court on May 20, 2009." I note, first, that the appeal should be to the Virginia Supreme Court, not the Court of Appeals. Secondly, no order has been entered dismissing the aforesaid fraud claim from which an appeal may be taken. However, the Final Order as drafted by Ms. Graves does provide for the dismissal of the claim when the motion to strike was granted by the Court.